IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 1, 2024

## TASSI WILLIAMS v. RODNEY WAYNE WILLIAMS, JR.

**Appeal from the Circuit Court for Knox County**
**No. F-23-156813      Gregory S. McMillan, Judge**

_____

### No. E2023-00810-COA-R3-CV

_____

This appeal arises from the issuance of an order of protection against the appellant, Rodney Williams, Jr. We, however, have determined that the appellant's brief is profoundly deficient for it fails to comply with Rule 27(a) of the Tennessee Rules of Appellate Procedure and Rule 6 of the Rules of the Court of Appeals of Tennessee in several material respects. Based on the appellant's failure to substantially comply with Rule 27(a)(6)–(7) of the Tennessee Rules of Appellate Procedure and Rule 6 of the Rules of the Court of Appeals of Tennessee, the appellant has waived his right to an appeal. Accordingly, this appeal is dismissed.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., M.S., and JOHN W. MCCLARTY, J., joined.

Rodney Wayne Williams, Jr., Johnson City, Tennessee, pro se, appellant.

Tassi K. S. Williams, Knoxville, Tennessee, pro se, appellee.

### MEMORANDUM OPINION[1]

On April 17, 2023, Tassi Williams ("Petitioner") filed a Petition for order of protection against Rodney Wayne Williams, Jr., ("Respondent") in the Circuit Court of

---

[1] Rule 10 of the Court of Appeals of Tennessee states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Knox County, Tennessee, for her benefit and that of her three minor children who lived with her. On April 24, 2023, Petitioner filed an amended petition for order of protection, which was substantially similar to the first but included additional facts. A temporary (ex parte) order of protection was issued on April 24, 2023, which, inter alia, prohibited Respondent from coming about Petitioner or the children for any purpose, and from abusing, threatening to abuse, hurt or try to hurt Petitioner or the minor children. He was also ordered not to stalk or threaten to stalk Petitioner or their minor children.

An evidentiary hearing was held on May 1, 2023, during which Petitioner, her parents, and Respondent testified. Neither party was represented by counsel. Following the evidentiary hearing the trial court made findings including: "The Respondent pushed the Petitioner down the stairs and slammed her against the wall. The Petitioner received multiple [illegible] contact that placed her in fear of intimidation and harassment." Based on these and other findings, the trial court ordered that Respondent have "no contact and no communication" with Petitioner. The court also found that Respondent "represents a credible threat for the physical safety of petitioner or petitioner's child[ren]." Thus, the court ordered Respondent to give his firearms "to someone else who is allowed to have them," citing Tennessee Code Annotated § 36-3-625, to fill out and file with the appropriate office a Firearms Declaration. Respondent was additionally ordered to, inter alia, "stay away" from Petitioner's home and workplace, and to not damage her property or hurt or threaten to hurt her animals. The order was entered on May 11, 2023, and the terms of the order were to be effective until May 10, 2024.

This appeal followed.

### ANALYSIS

### I.     PRO SE LITIGANTS

Both parties are acting pro se in this appeal. Each party has filed an appellate brief, and Respondent has filed a reply brief.

The rights and responsibilities of pro se litigants have been addressed on numerous occasions by this court:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Murray v. Miracle*, 457 S.W.3d 399, 402 (Tenn. Ct. App. 2014) (quoting *Young v. Barrow*, 130 S.W.3d 59, 62–63 (Tenn. Ct. App. 2003) (internal citations omitted)); *see also Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003).

Consequently, a pro se litigant should not "be permitted to shift the burden of the litigation to the courts or to their adversaries." *Young*, 130 S.W.3d at 63. Further, a pro se litigant must comply with the same rules that lawyers must observe. *Watson v. City of Jackson*, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014).

## II. WAIVER OF APPELLATE REVIEW

Our review of Respondent's brief readily reveals that his brief and reply brief fail to comply with the most fundamental of appellate rules of practice, specifically Rule 27 of the Tennessee Rules of Appellate Procedure. This is significant because our "[c]ourts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by [Tennessee Rule of Appellate Procedure] 27(a)(7) constitutes a waiver of the issue." *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000) (listing cases).

All filers, including pro se filers, must comply with Rule 27's basic requirements. *See Murray*, 457 S.W.3d at 404. Further, a *pro se* filer's failure "to comply in any significant way with Tenn. R. App. P. 27" results in waiver on appeal. *Id*.

Rule 27 of the Tennessee Rules of Appellate Procedure states in pertinent part:

(a)     Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:

.     .     .

(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7) An argument, which may be preceded by a summary of argument, setting forth: (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the

discussion of the issues);

(8)  A short conclusion, stating the precise relief sought.

Similarly, Rule 6 of the Rules of the Court of Appeals of Tennessee provides in pertinent part:

(a)  Written argument in regard to each issue on appeal shall contain:

(1)  A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.

(2)  A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.

(3)  A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.

(4)  A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

(b)  No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

While Respondent identifies several "issues" for our consideration, his brief lacks a proper statement of facts and argument. *See* Tenn. R. App. P. 27(a)(6)–(7). As we have previously explained, raising an issue is not sufficient to preserve an issue on appeal; it must also be properly argued. *See Childress v. Union Realty Co.*, 97 S.W.3d 573, 578 (Tenn. Ct. App. 2002) ("[W]hen a party raises an issue in its brief, but fails to address it in the argument section of the brief, we consider the issue to be waived.").

Respondent's Statement of Facts is deficient as is evident from the following:

**Statement of Facts**

1. Tassi Williams Filed for an Order of Protection on April 8, 2023
2. An Exparte Order Protection was granted on April 18, 2023
3. An Amended Order of Protection was filed on April 24, 2023
4. Rodney Williams was served summons on May 4, 2023
5. Knox County Court Receipt of Service of Summons May 9, 2023
6. Final Order Issued on May 11, 2023
7. Appeal file timely on June 2, 2023

Furthermore, Respondent's Statement of the Facts fails to comply with our rules because it makes no citations to the record as required by our rules. *See* Tenn. R. App. P, 27(a)(6).

As for his Argument, it reads in its entirety:

I, Rodney Williams, would ask that the Appellate Court reverse and dismiss the above referenced Order of Protection. A preponderance of evidence was clearly not met. I was not allowed a meaningful trial with representation. I would ask the Appellate Court to review this case to determine that the reasonable conclusion is to dismiss this case. Thank you, Rodney Williams

Tennessee Rule of Appellate Procedure 27(a)(7) requires an appellant to include in his brief an Argument setting forth the following:

(A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues)[.]

Simply put, Respondent's Argument is profoundly deficient in many respects including the fact that it makes no references to the record and no citations to relevant legal authority. As this court explained in *Chiozza v. Chiozza*, 315 S.W.3d 482, 489 (Tenn. Ct. App. 2009):

**Our Courts have "routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as described by Rule 27(a)(7) constitutes a waiver of the issue[s] [raised]."** *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000). In *Bean*, we went on to hold that "an issue is waived where it is simply raised without any argument regarding its merits." *Id*. at 56; *see also*

*Newcomb v. Kohler Co.*, 222 S.W.3d 368, 401 (Tenn. Ct. App. 2006) (holding that the failure of a party to cite to any authority or to construct an argument regarding his or her position on appeal constitutes waiver of that issue). As we stated in *Newcomb*, a "skeletal argument that is really nothing more than an assertion will not properly preserve a claim." *Newcomb*, 222 S.W.3d at 400. It is not the function of this Court to . . . research and construct the party's argument. *Bean*, 40 S.W.3d at 56.

(Emphasis added).

Furthermore, our Supreme Court has held that "it will not find this Court in error for not considering a case on its merits where the [appellant] did not comply with the rules of this Court." *Bean*, 40 S.W.3d at 54–55 (citing *Crowe v. Birmingham & N.W. Ry. Co.*, 1 S.W.2d 781 (Tenn. 1928)). Accordingly, based upon the foregoing legal principles, the profound deficiencies in the brief, and the failure to comply with Rules 27(a)(6)–(7) of the Tennessee Rules of Appellate Procedure, as well as Rule 6 of the Rules of the Court of Appeals of Tennessee, Respondent has waived his right to an appeal as to any issue. Therefore, the appeal is dismissed.

## CONCLUSION

The appeal is dismissed for the foregoing reasons, and costs of appeal are assessed against the appellant, Rodney Wayne Williams, Jr., for which execution may issue if necessary.

_____
FRANK G. CLEMENT, JR., JUDGE